UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH R GOMEZ, | |
| Petitioner, | CASE NO. C13-5980 RBL-JRC |
| v. | REPORT AND RECOMMENDATION |
| STATE OF WASHINGTON. | NOTED FOR: JANUARY 10, 2014 |
| Respondent. | |

The District Court has referred this 28 U.S.C. § 1361 writ of mandamus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Petitioner asks that the Court order the Washington State Supreme Court Clerk's Office to file a document as a motion for discretionary review (ECF No. 1, Proposed Writ of Mandamus). The Court recommends dismissing this writ prior to service because the Court

REPORT AND RECOMMENDATION - 1

lacks jurisdiction to entertain a writ compelling a state official to act. By it very terms 28 U.S.C. 1361 applies to federal employees and their agents, not state actors.

## FACTS

Petitioner explains that he filed a motion for discretionary review and the Washington State Supreme Court Commissioner denied his motion. Petitioner alleges that the Commissioner only addressed three of his four claims (ECF No. 1, proposed petition). When petitioner tried to raise this issue the clerk's office filed his pleading as a motion to modify the Commissioner's ruling and the Washington State Supreme Court denied petitioner's motion without comment (*id.*).

Petitioner now seeks to have the Court order the Washington State Supreme Court Clerk's Office file his pleading as a motion for discretionary review. Plaintiff has filed this action as a writ of mandamus.

## DISCUSSION

28 U.S.C. § 1361 does not give this Court jurisdiction to issue a writ of mandamus to compel action by a state official. *See*, 28 U.S.C. § 1361 (district court has jurisdiction over mandamus action only to compel officers of the United States to perform their duties); *Taylor v. Hayman*, 435 Fed. Appx., 62, 63 (3rd, Cir. 2011); (*Adkins v. Sapien*, 2006 WL 1875382 (10th Cir. 2006)(no relief against state officials is afforded pursuant to 28 U.S.C. § 1361). Leave to file an amended petition is not necessary in this case because this defect cannot be cured by amendment. The Court recommends that this petition be dismissed prior to service.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

1  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3  January 10, 2014, as noted in the caption.

4        Dated this 18th day of December, 2013.

5

6                                          J. Richard Creatura

7                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24